UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FELTON T. CANON,

        Plaintiff,

  v.

Case No. 26-cv-327-pp

RANAY L. FESTERLING, DONALD J. TRUMP,
RYAN MULLANE, THOMAS SCHARINGER,
CORRIN, PLANET FITNESS, PR HUPY AND HUPY,
THOMAS, REDGRANITE INMATE,
SHEBOYGAN COUNTY DETENTION CENTER,
SEAN COMBS, JAY ZEE, KIM KARDASHIAN,
EVERY CELEBRITY, UNITED STATES OF AMERICA,
REDGRANITE CORRECTIONAL INSTITUTION,
DRUG ABUSE CORRECTIONAL CENTER, FDA,
SERVSAFE, ATF, EVERY BRAIN EXPERT,
AURORA JOHN, BRIAN K. ANBREVIE,
EVERY TREATMENT FACILITY, EVERY PHD HOLDER,
EVERY MILITARY COMMANDER,
EVERY ENTREPRENEUR, CRIMINAL JUSTICE SYSTEM,
CYNTHIA CANON, JAMO CANON, SHELLY CANON,
AJ PATNTER, MATT BROWN, PORNHUB, YOUTUBE,
INSTAGRAM, FACEBOOK, FELTON THOMAS,
DELORES CANON, PHIL CANON, TIM CANON,
ARIEL GARBISH, MITCHELL LACOMB, SAMANTA BASTIL,
JUDGE STENBLE, DR. LABBIL, MS. THOMPSON
MR. SCHROEDER, METZ COMBAT CLUB, OXYCODONE,
ADDERALL and JOHN/JANE DOES,

        Defendants.

---

## ORDER DISMISSING CASE AND IMPOSING A STRIKE UNDER 28 U.S.C. §1915(G)

---

On February 26, 2026, the plaintiff, who is currently confined at the Sheboygan County Detention Center, filed a complaint naming over fifty-two defendants, including "every celebrity," "every brain expert," "every military

1

commander," "every entrepreneur" and the "criminal justice system." Dkt. No. 1. Because the complaint is baseless, the court will dismiss the case and impose a strike.

An incarcerated plaintiff must pay the full amount of the filing fee. 28 U.S.C. §1915(b)(1). At the time the incarcerated plaintiff files the complaint, he either may pay the full filing fee or, under 28 U.S.C. §1915(a)(2), he may file a motion to proceed without prepaying the filing fee (along with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint). The complaint itself must contain a short and plain statement of the claim or claims showing that the plaintiff is entitled to relief. Federal Rule of Civil Procedure 8(a). As the form complaint explains, the plaintiff must explain in that complaint who violated his rights, what each defendant did, when they did it, where they did it and why they did it. Finally, the plaintiff must sign his complaint. Fed. R. Civ. P. 11(a).

A court has a duty to review, "before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A. At that point, the court must dismiss any complaint, or any portion of the complaint, if the incarcerated person has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A complaint is factually frivolous if the allegations are clearly

2

baseless, irrational, fanciful, delusional or wholly incredible. <u>Weinschenk v. CIA,</u> 818 F. Appx. 557, 558 (7th Cir. 2020) (citing <u>Felton v. City of Chicago</u>, 827 F.3d 632, 635 (7th Cir. 2016) (citing <u>Denton v. Hernandez</u>, 504 U.S. 25, 32–33 (1992)).

The plaintiff has not complied with any of the rules the court has recounted. He has not paid the filing fee. He has not filed a motion asking for leave to proceed without prepaying the filing fee, or a copy of his trust account statement for the past six months. The complaint does not contain a short and plain statement of the plaintiff's claims; the court cannot determine from reading the complaint what the plaintiff's claims are, or the relief he is seeking. He did not sign the complaint.

The most concerning aspect of the complaint is that the court cannot tell from reading the complaint who the plaintiff believes violated his rights, what he believes they did to violate his rights, when they violated his rights or how they violated his rights. The plaintiff mentions an "improper chemical imbalance pre . . . post . . . and during incarceration." Dkt. No. 1 at 4. He mentions that "[the plaintiff] is a aspiring President of the FDA . . . ATF . . . and deems to emulate the dedicated military doctors on planet earth." <u>Id.</u> at 5. He states that he has attempted to rehabilitate himself and others to no avail. <u>Id.</u> He says that he has used a BellaTose mindset to "write here." <u>Id</u>. He says that he wants to investigate "a new system to promise 100% success rate of 'never allowing any of my gang members or drug clients to commit another crime.'" <u>Id.</u> The plaintiff has sued everyone from brain experts to celebrities and

3

Case 2:26-cv-00327-PP     Filed 02/27/26     Page 3 of 6     Document 3

the justice system itself, but the court cannot determine what any of those people (or, in some cases, things or places) did to cause the plaintiff to file a lawsuit in federal court.

Most incarcerated persons who file lawsuits in federal court allege that a state official has violated their civil (constitutional) rights. The statute that allows a person to sue in federal court for a state official's violation of his civil rights is 42 U.S.C. §1983. But for a plaintiff to state a claim under 42 U.S.C. §1983, the plaintiff must state facts that show that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of that right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The plaintiff has named defendants, such as the "criminal justice system," who are not "persons" under §1983, and defendants, such as "every celebrity" or "every brain expert," who are not state officials.

Federal Rule of Civil Procedure 15(a)(2) says that courts should "freely" give parties permission to amend their pleadings "when justice so requires." That means that ordinarily, if a court dismisses a complaint, it should grant the plaintiff leave to amend, but there is an exception to that rule if the court concludes that amendment would be futile. Runnion v. Girl Scouts of Greater Chi. & Nw. Indiana, 786 F.3d 510, 519–20 (7th Cir. 2015). Given the issues the court has identified, the court concludes that allowing the plaintiff to amend this complaint would be futile.

4

The court **ORDERS** that this case is **DISMISSED** under 28 US.C. §1915A(b)(1) because the complaint is frivolous (baseless). The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g) for filing a frivolous (baseless) lawsuit.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed an additional "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

Dated in Milwaukee, Wisconsin this 27th day of February, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**